UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CARL R. SHERMAN,**

      **Plaintiff,**

v.                                        Case No. 8:11-cv-1964-T-30TBM

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte*. Plaintiff, proceeding *pro se*, filed his Complaint seeking review of the denial of his claim for Social Security Disability Benefits and Supplemental Security Benefits on August 29, 2011. (Doc. 1). Ruling on Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) was deferred pending Plaintiff filing additional financial information with the Court (Doc. 5). When no response was filed, the Court issued its first Order to Show Cause (Doc. 6) on October 5, 2011. In response, an amended affidavit of indigency was filed on October 13, 2011 (Doc. 7) and Plaintiff was granted *in forma pauperis* status on October 28, 2011 (Doc. 8). On April 9, 2012, the Court again ordered the Plaintiff to complete and return the summons and the USM-285 form (Doc. 9). Service was thereafter perfected and the Commissioner of Social Security filed his Answer together with a transcript of the administrative hearing on July 10, 2012 (Docs. 15, 16). The following day, the Court issued its scheduling order. (Doc. 17). The scheduling

order directed Plaintiff to submit his memorandum of law in support of his Complaint within sixty days. *Id.* When no memorandum was filed, the Court, on January 4, 2013, *sua sponte* ordered Plaintiff to file his memorandum of law in support of his Complaint within fourteen days (Doc. 18). The Order advised Plaintiff that the failure to comply would result in the issuance of an order to show cause as to why the case should not be dismissed. When no memorandum was thereafter filed, the Court issued its Order to Show Cause on February 4, 2013. That Order directed Plaintiff to show cause in writing why his Complaint should not be dismissed for lack of prosecution (Doc. 19). A review of the file reveals that Plaintiff has again failed to respond or otherwise show cause why this case should not be dismissed for lack of prosecution.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice due to Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). Here, Plaintiff has simply refused to prosecute his claim or otherwise explain his refusal or inability to do so. In the circumstances, I find it necessary to recommend that this case be dismissed and the Clerk be directed to close the case.

                                              Respectfully submitted this
                                              25th day of February 2013.

                                              THOMAS B. McCOUN III
                                              UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.


Copies furnished to:
United States District Judge
*Pro Se* Plaintiff
Counsel of Record